UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TODD ALLEN AGAR,

     Petitioner,

v.

KATI J. BARTRAND, et al.,

     Respondents.

Case No. 25-cv-13594

Honorable Robert J. White

---

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF MANDAMUS AND DENYING PETITIONER'S MOTION FOR DISCOVERY; MOTION FOR SUMMARY JUDGMENT; MOTION FOR DEFAULT JUDGMENT; MOTION TO AMEND EXHIBITS; MOTION TO ADD TWO MAGISTRATES AND THREE JUDGES "THREE JUDGE PANEL"; MOTION FOR APPELLATE BOND AND EXPEDITED DEFAULT JUDGMENT; MOTION TO AMEND/CORRECT EXHIBITS; MOTION FOR CONTEMPT OF COURT; MOTION FOR JUDGMENT ON THE PLEADINGS; MOTION FOR OBSTRUCTION OF JUSTICE AND CONTEMPT OF COURT; AND MOTION FOR PRELIMINARY INJUNCTION AND MOTION TO RESTRAIN ARE DENIED AS MOOT**

---

On November 12, 2025, Petitioner Todd Allen Agar, currently confined at the Carson City Correctional Facility in Carson City, Michigan, filed a handwritten, *pro se* Petition for Writ of Mandamus. He seeks to order Defendants Keri Bertrand[1], the

---

[1] Plaintiff mistakenly sues a "Kati J. Bartrand" whom he believes to be the Alpena County Clerk. ECF No. 1 at PageID.1. The Court takes judicial notice that the correct Defendant is Alpena County Clerk, Keri Bertrand. *See Clerk's Office*, ALPENACOUNTY.ORG, https://alpenacounty.org/159/Clerks-Office (last visited March 5, 2026).

1

Alpena County Clerk, and Jennifer Boyar, a court reporter, to prepare and send him a complete and accurate set of the trial transcripts from his state court trial in the Alpena County Circuit Court. Seemingly, he seeks these transcripts to submit a *pro se* Standard 4[2] supplemental brief on appeal in addition to the appellate brief filed by his appellate attorney. Additionally, he may also be seeking to overturn his conviction. For the reasons stated below, the Petition will be denied. And Petitioner's eleven additional motions including his (1) Motion for Discovery, (2) Motion for Summary Judgment, (3) Motion for Default Judgment, (4) Motion to Amend Exhibits, (5) Motion to Add Two Magistrates and Three Judges "Three judge Panel", (6) Motion for Appellate Bonda and to Expedite Default Judgment, (7) Motion to Amend/Correct Exhibits, (8) Motion for Contempt of Court, (9) Motion for Judgment on the Pleadings, (10) Motion for Obstruction of Justice and Contempt of court, and (11) Motion for Preliminary Injunction and Motion to Restrain are denied as moot.

## I.

Following a bench trial in the Alpena County Circuit Court, Petitioner was convicted of one count of first-degree criminal sexual conduct (CSC-I) under Mich.

---

[2] Criminal Defendants in the state of Michigan have the right to supplement their appellate counsel's arguments on appeal by filing a "Standard 4" brief. *People v. Good*, 346 Mich. App. 275, 283 (2023). The Michigan Supreme Court has explained this process, stating, in part, that "[w]hen a defendant insists that a particular claim or claims be raised on appeal against the advice of counsel, counsel shall inform the defendant of the right to present the claim or claims in propria persona." *Id.* (quoting Administrative Order No. 2004-6, 471 Mich c, cii (2004).

Comp. Laws § 750.520b(1)(a) governing the sexual penetration of a person under 13 years of age. *People v. Agar*, No. 364078, 2025 WL 1352508, at *1 (Mich. Ct. App. May 8, 2025), *appeal denied*, 27 N.W.3d 86 (Mich. 2025). The trial court applied a fourth-offense habitual-offender enhancement under Mich. Comp. Laws § 769.12, and sentenced Petitioner to 456 to 900 months of imprisonment. *Id.* On May 8, 2025, his conviction was affirmed on appeal,[3] but the case was remanded to the trial court for the ministerial purpose of amending the judgment of sentence to accurately reflect the correct statutory reference to the offense of conviction. *Id.* at *16. Petitioner filed an application for leave to appeal the Judgment of the Court of Appeals, but the Michigan Supreme Court rejected his application because it was "not persuaded that the questions presented should be reviewed by [the Michigan Supreme Court]." *People v. Agar*, 27 N.W.3d 86, 87 (Mich. 2025). Petitioner then filed a motion for reconsideration with the Michigan Supreme Court, but, on January 21, 2026, the court rejected this motion as untimely, and closed Petitioner's case on January 27, 2026. *See People v. Agar*, Case No.168710 (Mich).

In the background, Petitioner filed his Petition for a writ of mandamus with this Court on November 12, 2025. ECF No. 1. He claims that Defendants, Keri Bertrand, the Alpena County Circuit Court Clerk, and Jennifer Boyar, the trial court

---

[3] Importantly, Petitioner proceeded on appeal at the Court of Appeals with appellant counsel. *See People v. Agar*, Case No.364078 (Mich. Ct. App.)

3

reporter, provided him with an incomplete and falsified set of trial transcripts, which hampered his ability to file a proper Standard 4 supplemental *pro per* appellate brief. *Id.* at PageID.1–3. He seeks a complete and accurate set of transcripts so that he can file a motion to restore his right to appeal pursuant to M.C.R. 6.428,[4] so that he can file a proper Standard 4 brief to challenge his conviction. *Id.* at PageID.2–3. Additionally, it is unclear if Petitioner also seeks to overturn his state court conviction. *See generally* ECF No. 1.

Since filing his Petition, Petitioner has filed an increasingly long list of motions. These motions are as follows: (1) Motion for Discovery, ECF No. 3, (2) Motion for Summary Judgment, ECF No. 4, (3) Motion for Default Judgment, ECF No. 5, (4) Motion to Amend Exhibits, ECF No. 10, (5) Motion to Add Two Magistrates and Three Judges "Three judge Panel", ECF No. 12, (6) Motion for Appellate Bonda and to Expedite Default Judgment, ECF No. 14, (7) Motion to Amend/Correct Exhibits, ECF No.16, (8) Motion for Contempt of Court, ECF No. 17, (9) Motion for Judgment on the Pleadings, ECF No. 18, (10) Motion for Obstruction of Justice and Contempt of Court, ECF No. 23, and (11) Motion for Preliminary Injunction and Motion to Restrain, ECF No. 24. For the reasons stated

---

[4] M.C.R. 6.428 governs the restoration of appellate rights under Michigan law. It provides that "[a] defendant may file a motion to restore appellate rights as provided in this rule. If the defendant, whether convicted by plea or at trial, was denied the right to appellate review or the appointment of appellate counsel due to errors by the defendant's prior attorney or the court, or other factors outside the defendant's control, the trial court shall issue an order restarting the time in which to file an appeal or request counsel." M.C.R. 6.428.

below, the Court will deny the Petition, ECF No. 1, and Petitioner's additional motions will be denied as moot.

## II.

The remedy of mandamus in the federal courts is considered "a drastic one, to be invoked only in extraordinary situations." *See Kerr v. U.S. Dist. Ct. for Northern Dist. of California,* 426 U.S. 394, 402 (1976) (internal citations omitted). The party that seeks a writ of mandamus must satisfy three conditions before a court may issue the writ. *In re Levang,* 154 F.4th 444, 449 (6th Cir. 2025). These conditions require that the petitioner "must (1) have no other adequate means of obtaining relief, (2) demonstrate a right to issuance that is clear and indisputable, and (3) show that issuance of the writ is appropriate under the circumstances." *In re Univ. of Michigan,* 936 F.3d 460, 466 (6th Cir. 2019).

## III.

## A.

As an initial matter, to the extent that Petitioner is seeking to directly challenge his conviction, he would be unable to do so via a petition for a writ of mandamus. His sole remedy, instead, would be to file a petition for writ of habeas corpus under 28 U.S.C. § 2254.

Several cases have held that a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is the proper remedy for challenging a state court

conviction and mandamus relief is, therefore, unavailable. *See e.g. Haggard v. State of Tenn.*, 421 F. 2d 1384, 1386 (6th Cir. 1970); *See also In re Probst,* 19 F. App'x 132, 133 (4th Cir. 2001); *In re Ojeda Rios,* 863 F. 2d 202, 205 (2nd Cir. 1988); *United States ex. rel. Murray v. Carter,* 64 F. Supp. 2d 749, 750-51 (N.D. Ill. 1999); *see also United States v. Logan,* 22 F. Supp. 2d 691, 694 (W.D. Mich. 1998) (post-conviction petitioner who challenged constitutional validity of federal conviction was precluded from obtaining relief under the All Writs Act, since relief sought was redressable pursuant to other federal post-conviction remedies).

And 28 U.S.C. § 2254 is basically "the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody[,]." *Greene v. Tennessee Dep't of Corr.*, 265 F.3d 369, 371 (6th Cir. 2001) (quoting *Walker v. O'Brien,* 216 F. 3d 626, 633 (7th Cir. 2000)). By contrast, the All-Writs Act is not an independent source of federal jurisdiction to issue writs but authorizes a federal court to issue a writ in aid of their jurisdiction. *See Baze v. Parker*, 632 F.3d 338, 345 (6th Cir. 2011) (citing *United States v. Perry*, 360 F.3d 519, 533 (6th Cir. 2004)). 28 U.S.C. § 1651, the All Writs Act, thus may not be used to evade the strictures of section 2254. *See Brennan v. Wall*, 100 F. App'x 4 (1st Cir.2004); *see also Haliburton v. United States*, 59 F. App'x 55, 57 (6th Cir. 2003) (holding that a federal prisoner could not use the All Writs Act to circumvent the

6

Antiterrorism and Effective Death Penalty Act's prohibition against the filing of a second or successive motion to vacate sentence brought under 28 U.S.C. § 2255).

Although this Court cannot *sua sponte* convert the Petition for Writ of Mandamus into a habeas petition brought under 28 U.S.C. § 2254, it is nonetheless proper for this Court to deny the Petition for Writ of Mandamus on the ground that Petitioner's claim is without merit. *See Foster v. Warden Chillicothe Corr. Inst.*, 522 F. App'x 319, 321 (6th Cir. 2013).

**B.**

Turn now to the merits of the Petition. He claims that Defendants failed to provide him with 27 volumes of the trial transcripts so that he could file his own Standard 4 *pro per* appeal brief. *See* ECF No. 1 at PageID.1–3. He also claims that Defendants only provided him with nine volumes of the transcripts, which he claims contained false and inaccurate information. *Id.* at PageID.3.

But Petitioner fails to state a claim upon which relief can be granted. A criminal defendant has no federal constitutional right to self-representation on direct appeal from a criminal conviction. *Martinez v. Court of Appeal of California,* 528 U.S. 152, 163 (2000). [5]  This is because the rights protected by the Sixth

---

[5] As noted before, Michigan law does permit the filing of a *pro per* supplemental appeal brief. *Good*, 346 Mich. App. at 283. Standard 4 of Administrative Order 2004-6, 471 Mich. cii (2004) "explicitly provides that a *pro se* brief may be filed within 84 days of the filing of the brief by the appellant's counsel, and may be filed with accompanying motions." *Ware v. Harry,* 636 F. Supp. 2d 574, 594, n. 6 (E.D. Mich. 2008).

Amendment, including the right to self-representation, are rights that are available to prepare for trial and at the trial itself. *Id.* at 159–60. However, the Sixth Amendment does not include any right to appeal. *Id.* at 160. The Supreme Court has rejected the idea that the right to self-representation on appeal could be grounded in the Due Process Clause [of the Fourteenth Amendment] because "[u]nder the practices that prevail in the Nation today… [the Court is] unpersuaded that the risk of either disloyalty or suspicion of disloyalty is a sufficient concern to conclude that a constitutional right of self-representation is a necessary component of a fair appellate proceeding." *Id.* at 161.

Thus, there is no constitutional entitlement to submit a *pro se* appellate brief on direct appeal from a criminal conviction in addition to a brief submitted by appellate counsel. *See McMeans v. Brigano,* 228 F.3d 674, 684 (6th Cir. 2000) ("Clearly, this holding contradicts the petitioner's assertion that there exists a constitutional entitlement to submit a pro se appellate brief on direct appeal in addition to the brief submitted by appointed counsel."). By accepting the assistance of counsel, the criminal appellant waives his right to present *pro se* briefs on direct appeal. *Myers v. Johnson*, 76 F. 3d 1330, 1335 (5th Cir. 1996); *see also Henderson v. Collins,* 101 F. Supp. 2d 866, 881 (S.D. Ohio 1999); *aff'd in part, vacated in part on other grds* 262 F. 3d 615 (6th Cir. 2001) (defendant who was represented by

counsel and also sought to submit *pro se* brief upon appeal did not have right to such hybrid representation).

Because Petitioner was represented by appellate counsel at the court of appeals, *see People v. Agar*, Case No.364078 (Mich. Ct. App.), any failure by the trial court or appellate counsel to provide Petitioner with the trial transcripts so that he could prepare his own *pro se* brief would not violate Petitioner's constitutional rights. *See Green v. Chapman,* No. 20-1158, 2020 WL 4875317, *5 (6th Cir. June 29, 2020) (holding that habeas petitioner did not have a constitutional right to transcripts so he could submit a *pro se* brief on appeal because he was represented by counsel and criminal defendants do not have a constitutional right to "hybrid representation"); *see also U.S. v. Dierling*, 131 F.3d 722, 734, n. 7 (8th Cir. 1997); *Foss v. Racette*, No. 1:12-CV-0059, MAT 2012 WL 5949463, * 4 (W.D.N.Y. Nov. 28, 2012); *Willis v. Lafler*, No. 05-74885, 2007 WL 3121542, * 18 (E.D. Mich. Oct. 24, 2007) (holding that petitioner is not entitled to habeas relief based upon trial court's failure to rule on petitioner's post-trial motion to compel copies of transcripts and videotapes when petitioner was represented by appellate counsel).

Additionally, this Court has no jurisdiction to reinstate Petitioner's appeal of right in the Michigan Court of Appeals because whether his appeal of right may be "reinstated" is purely a matter of state law. *Beach v. Genesee County Circuit Court*, No. 21-CV-11200, 2021 WL 2207399, at * 2 (E.D. Mich. June 1, 2021). And there

9

is no federal constitutional right to appeal a state court conviction. *Cleaver v. Bordenkircher*, 634 F.2d 1010, 1011 (6th Cir. 1980). Thus, "[t]here is no conceivable basis for this Court to order the Michigan Court of Appeals or the Michigan Supreme Court to reinstate [the] plaintiff's or any litigant's state court appeal." *Beach*, No. 21-CV-11200, 2021 WL 2207399 at * 2.

Lastly, this Court has no power to direct the Defendants to prepare the trial transcripts for Petitioenr. A federal court has no authority to issue a writ of mandamus directing a state court or its judicial officers in the performance of their duties. *See Haggard v. State of Tenn.*, 421 F. 2d at 1386; *See also White v. Ward*, 145 F.3d 1139, 1140 (10th Cir. 1998). This Court therefore does not have the power to issue a writ of mandamus to order the Alpena County Circuit Court clerk, the court reporter, the state court judge or the Michigan appellate courts to prepare the trial transcripts for Petitioner. *See In re Campbell*, 264 F.3d 730, 731–32 (7th Cir. 2001) (denying mandamus where state prisoner asked for order compelling state court to provide him access to trial transcripts to prepare a post-conviction petition); *See also In re Pettaway*, 517 F. App'x 69, 70 (3d Cir. 2013) (denying petition for writ of mandamus where state prisoner asked for order to compel state courts to provide him with a certified copy of the record so that petitioner could perfect a post-conviction appeal in state court); *Cf. Woods v. Weaver,* 13 F. App'x 304, 305-06 (6th

10

Cir. 2001) (Sixth Circuit had no authority to issue writ of mandamus directing the Michigan courts to rule on the merits of the petitioner's post-conviction motion).

So, the Petition for Writ of Mandamus, ECF No.1, is denied. And Petitioner's other pending motions are denied as moot.

### IV.

Accordingly, it is **ORDERED** that the Petition for Writ of Mandamus, ECF No. 1, is **DENIED.**

Further, it is **ORDERED** that Petitioner's additional motions, (1) Motion for Discovery, ECF No. 3, (2) Motion for Summary Judgment, ECF No. 4, (3) Motion for Default Judgment, ECF No. 5, (4) Motion to Amend Exhibits, ECF No. 10, (5) Motion to Add Two Magistrates and Three Judges "Three judge Panel", ECF No. 12, (6) Motion for Appellate Bond and to Expedite Default Judgment, ECF No. 14, (7) Motion to Amend/Correct Exhibits, ECF No.16, (8) Motion for Contempt of Court, ECF No. 17, (9) Motion for Judgment on the Pleadings, ECF No. 18, (10) Motion for Obstruction of Justice and Contempt of Court, ECF No. 23, and (11) Motion for Preliminary Injunction and Motion to Restrain, ECF No. 24, are **DENIED** as moot.

**This is a final order and closes the above-captioned case.**

Dated: March 13, 2026                    s/Robert J. White
                                         Robert J. White
                                         United States District Judge

11